145 F.3d 1338
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Umme KHAN; Mufazzad Khan, Petitioners,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70962.
INS Nos. Atq-twz-wxd Axt-hnu-jzl.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 20, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Umme and Mufazzad Khan, natives and citizens of Bangladesh, petition pro se for review of the Board of Immigration Appeals' ("BIA) decision affirming the order of an immigration judge denying their applications for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a,[1] and we deny the petitions.
 
 
 3
 Because the BIA adopted the IJ's credibility finding, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). We review the IJ's negative credibility findings for substantial evidence and, thus, must uphold the findings "unless the evidence presented compels a reasonable factfinder to reach a contrary result." de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997) (quoting Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996)). A negative credibility finding must be supported by specific, cogent reasons. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir.1992).
 
 
 4
 Here, the IJ found petitioners' testimony not credible because it differed materially from that found in their applications, supporting declarations and documents. The IJ provided specific and cogent reasons for discrediting the Khans's testimony. Additionally, the IJ's decision is supported by substantial evidence. See id.
 
 
 5
 Because the Khans failed to meet the lower standard for granting asylum, it follows that the Khans failed to establish eligibility for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 6
 PETITIONS FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However because the new provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)